UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

SMI LOGISTICS, LLC,

          Plaintiff,

                                **ORDER**
v.                                22-CV-2902 (WFK) (TAM)

MUJO PERIC *et al.*,

          Defendants.
-----------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

On May 20, 2022, Plaintiff filed a Complaint to void a contract, invoking this Court's jurisdiction on the basis of diversity of citizenship under 28 U.S.C. § 1332. However, Plaintiff's Complaint failed to allege complete diversity. Plaintiff has since moved to amend its Complaint to exclude all non-diverse defendants. *See* Mot. to Amend, ECF No. 10. For the following reasons, the Court GRANTS Plaintiff's motion to amend the complaint.

**Background**

Plaintiff's Complaint names Mujo and Nedeljka Peric, residents of Pennsylvania and Florida, Helms Brothers Auto, Inc. ("Helms Bros."), a New York Corporation, and Richard Grein, an employee of Helms Bros. in New York. *See* Compl., ECF No. 1. The Complaint therefore alleges both Plaintiff and Defendant Helms Bros. are citizens of New York and Defendant Richard Grein is an employee of Helms Bros. in New York, although his residence is not listed in the Complaint.

On June 17, 2022, Magistrate Judge Taryn A. Merkl issued an Order to Show Cause why she should not recommend dismissal for lack of subject-matter jurisdiction given the lack of complete diversity. *See* June 17, 2022 Minute Entry.

1

On June 27, 2022, Plaintiff filed a motion to amend the complaint to remove Defendants Richard Grein and Helms Bros pursuant to Federal Rule of Civil Procedure ("FRCP") 15. Mot. to Amend.

## Discussion

Rule 15 permits a party to amend a pleading with leave of court, which should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend "should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party[.]" *Chung v. Igloo Prod. Corp.*, No. 20-CV-4926 (MKB), 2022 WL 2657350, at *21 (E.D.N.Y. July 8, 2022) (Brodie, C.J.) (citing *United States ex rel. Ladas v. Exelis, Inc.*, 824 F.3d 16, 28 (2d Cir. 2016)); *see also Kainz v. Bernstein*, 841 F. App'x 249, 253 (2d Cir. 2020) (noting leave to amend should be freely given).

No such conditions are present in this case. Defendants Grein and Helms Bros. were not parties to the contract giving rise to this action and do not otherwise meet the requirements of a "required party" pursuant to Rule 19 of the Federal Rules of Civil Procedure. Indeed, neither Grein nor Helms Bros. was served with the Complaint, and neither has appeared in this action. The remaining Defendants have not opposed Plaintiff's motion to amend. There has thus been no prejudice either to the Defendants to be removed or to the remaining Defendants in this case.

## Conclusion

For the foregoing reasons, the Court GRANTS Plaintiff leave to amend the complaint pursuant to Fed. R. Civ. P. 15(a)(2).

SO ORDERED.

s/ WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: July 28, 2022
      Brooklyn, New York